IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR RENE GONZALEZ, | § | |
| (A44-095-391), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | MISCELLANEOUS NO. H-07-0700 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER TO REMAND**

The petitioner, Hector Rene Gonzalez (A44-095-391), has filed a petition for a hearing on his pending application for citizenship through naturalization. The respondents have filed a motion to remand the petition to the United States Citizenship and Immigration Service ("CIS"). (Doc. # 4). The petitioner has not filed a response and his time to do so has expired. After reviewing all of the pleadings, and the applicable law, the Court grants the respondents' motion and remands this case for reasons set forth below.

**I.   DISCUSSION**

The dispute in this case involves delay in adjudicating an application for United States citizenship through naturalization. As a lawful permanent resident, Gonzalez filed an Application for Naturalization (a form N-400) on September 23, 2004, seeking United States citizenship. On March 3, 2005, an immigration official interviewed Gonzalez as part of the application process. At the interview, Gonzalez reportedly passed the requisite written proficiency tests on English language, United States history, and United States government.

A decision whether to recommend approval of Gonzalez's application for naturalization could not be made at that time, however, because the Federal Bureau of Investigation ("FBI") had not yet completed the mandatory national security background check, commonly referred to as the "FBI name check."

Three years has elapsed since Gonzalez's interview and his naturalization application has not yet been approved. Gonzalez maintains that, but for the requisite name check investigation, he meets all the criteria for naturalization. Citing the length of delay by CIS, Gonzalez maintains that this Court has jurisdiction to determine his eligibility for naturalization under 8 U.S.C. § 1447(b), which provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Because more than 120 days have passed since Gonzalez's interview in this case, this Court has jurisdiction over the petition under § 1447(b). *See Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007). Federal court jurisdiction is limited, however, by the plain terms of the statute, which conveys only the authority to determine whether the applicant is entitled to naturalization or to remand the matter to CIS for such a determination. 8 U.S.C. § 1447(b).

Because Gonzalez has not yet satisfied the name check requirement, the respondents contend that it would be premature to determine his eligibility for naturalization under 8

U.S.C. § 1447(b).[1]  According to the respondents, CIS has asked the FBI to expedite the name check for Gonzalez.  (Doc. # 4, Exhibit, *Declaration of Sandra M. Heathman* ¶ 10).  The respondents report further that CIS will immediately adjudicate the application once the name check is completed, assuming that the results are favorable.  Therefore, the respondents have filed a motion to remand this case to CIS to complete the adjudication of his application.

Gonzalez, who is represented by counsel in this matter, has not filed a response to the motion and the time to do so has expired.  Under this Court's local rules, a party's failure to respond is deemed a representation of no opposition.  *See* Local Rules of the U.S. Dist. Court for the Southern Dist. of Texas, Rule 7.4 (May 1, 2000).  For reasons discussed more fully below, the Court declines to determine Gonzalez's eligibility for naturalization and elects, instead, to remand the petition to CIS with instructions that it be promptly adjudicated once Gonzalez's background check is completed.

## III.   NATURALIZATION APPLICATIONS

Obtaining citizenship through naturalization is an administrative process that is heavily regulated by Congress.  Congress, pursuant to an express mandate found in Article I, § 8 of the United States Constitution, has established a set of rules governing citizenship through naturalization.  When an alien seeks to obtain the privileges and benefits of

---

[1] The respondents in this case are Secretary of the Department of Homeland Security ("DHS") Michael Chertoff; CIS Director Emilio T. Gonzalez; CIS District Director Sharon A. Hudson; and FBI Director Robert S. Mueller III.

citizenship through naturalization, it is well settled that the burden is on the alien applicant to establish his eligibility in every respect. *See Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967). As such, the applicant must strictly comply with all congressionally imposed prerequisites to the acquisition of citizenship. *See INS v. Pangilinan*, 486 U.S. 875, 884 (1988); *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). Any doubts regarding eligibility for naturalization must be resolved in favor of the government and against the applicant. *See Berenyi*, 385 U.S. at 637; *see also United States v. Macintosh*, 283 U.S. 605, 626 (1931) ("The Naturalization Act is to be construed 'with definite purpose to favor and support the government,' and the United States is entitled to the benefit of any doubt which remains in the mind of the court as to any essential matter of fact.").

Under the applicable provisions of the Immigration and Nationality Act (the "INA") and the governing regulations, the general requirements for obtaining citizenship through naturalization specify that "[n]o person . . . shall be naturalized" unless the applicant meets the following criteria:

(1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . .;

(2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and

(3) during all the periods referred to in this subsection has been and still is a person of good moral character. . . .

8 U.S.C. § 1427(a). Subject to certain exceptions,[2] an applicant must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage. 8 U.S.C. § 1423(a)(1). An applicant must also demonstrate a knowledge and understanding of the fundamentals of history, and of the principles and form of the United States government. 8 U.S.C. § 1423(a)(2). Congress has also mandated background checks of each applicant for national security reasons. *See* Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446.

According to the pleadings, Gonzalez does not currently meet all of the criteria for naturalization. In that respect, while CIS has requested an expedited name check for Gonzalez, it does not appear that the FBI has completed this procedure. It is well established that an applicant is not eligible for naturalization until the mandatory national security background checks have been completed. *See* 8 U.S.C. § 1446; 8 C.F.R. § 335.2(b). Absent a showing that the name check has been completed, significant legal and practical reasons preclude a determination of eligibility for naturalization by the Court at this time. As another district court has explained, "[f]ederal courts are not equipped to conduct background checks of naturalization applicants." *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808 (E.D. Va. Feb. 5, 2007). Moreover, the naturalization determination, which necessarily includes the need to interpret the results of the requisite background check, has been entrusted by Congress to

---

[2] The English language requirements do not apply, for example, to persons who are over a certain age and have lived in the United States for a lengthy period of time subsequent to obtaining lawful permanent resident status. 8 U.S.C. § 1423(b)(2).

CIS. *See id*. "Just as the 'name check' and 'fingerprint check' are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to CIS." *Id.*

A majority of courts to consider petitions such as the one filed by Gonzalez in this case have elected to remand the matter to CIS with instructions that it promptly adjudicate the plaintiff's application upon receipt of the completed national security background check. *See id.* at 810 (collecting cases); *see also Abusadeh v. Chertoff*, Civil Action No. H-07-3155, 2007 WL 4591757 (S.D. Tex. Dec. 27, 2007) (remanding to CIS). This Court will follow suit and grant the respondents' motion to remand the case to CIS with instructions for a prompt administrative determination on the petitioner's naturalization application after his background check has been completed. *See Walji*, 500 F.3d at 439 (remanding for a prompt resolution of the application).

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. This case is **REMANDED** to the United States Citizenship and Immigration Service ("CIS") with following instructions: CIS shall make an administrative decision on the plaintiff's pending naturalization application as expeditiously as possible once the plaintiff's background check has been completed.

2. This miscellaneous case is **DISMISSED** without prejudice to re-filing if necessary.

    3.    The respondents' unopposed motion for an extension of time to respond (Doc. # 3) is **MOOT**.

The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to United States CIS Associate Regional Counsel Pauline Applebaum, 126 Northpoint Drive, Room 2005, Houston, TX 77060, and to United States Department of Homeland Security, District Director Sharon Hudson, 126 Northpoint Drive, Houston, TX 77060.

SIGNED at Houston, Texas on April 22, 2008.

_____
Nancy F. Atlas
United States District Judge